NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANNY ALEXANDER TOLENTINO-PENA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.  18-70310

Agency No. A208-755-314

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
Pasadena, California

Before:  TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Petitioner Danny Alexander Tolentino-Pena ("Tolentino-Pena"), a native and

citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from an Immigration Judge's ("IJ") decision denying his

applications for asylum, withholding of removal, and Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT") protection. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252, and we deny the petition.

1. Tolentino-Pena claims he is entitled to asylum and withholding of removal because of allegations he has been persecuted for belonging to the proposed Particular Social Group ("PSG") of "[y]oung El Salvadoran males who refuse to be recruited by gangs and who actively oppose gang violence." Even if that proposed PSG was sufficiently cognizable, Tolentino-Pena must "show a causal nexus between [his] past or feared future harm" and his membership in that group. *Corpeno-Romero v. Garland*, 120 F.4th 570, 580 (9th Cir. 2024).

Substantial evidence supports the BIA's conclusion that Tolentino-Pena failed to make that showing. Tolentino-Pena pointed to two incidents in which he claims he was persecuted by El Salvadoran gangs: first, when he was physically assaulted after he refused to join the 18th Street gang; and second, when members of the MS-13 gang threatened him because he was from a neighborhood belonging to the 18th Street gang. Neither of these incidents entitle Tolentino-Pena to asylum or withholding of removal because the gangs were not motivated by his membership in his purported social group. Tolentino-Pena's testimony showed that the 18th Street gang sought to recruit him so they could grow their ranks and the MS-13 gang threatened him because he was from a neighborhood of a rival gang. Thus, substantial evidence supports the BIA's determination that the evidence provided

2

did not demonstrate a nexus between the harm Tolentino-Pena alleged he experienced and his proposed social group.

2. Tolentino-Pena's CAT claim fares no better. To obtain relief under CAT, he had to prove that "it is more likely than not that he . . . will be tortured in the country of removal." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Establishing "torture" is a high bar, requiring "severe pain or suffering." 8 C.F.R. § 1208.18(a)(1). CAT relief requires, too, that the alleged torture be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." *Id.*

Substantial evidence supports the BIA's conclusion that Tolentino-Pena failed to meet this standard. No evidence in the record suggests that a government official was involved in or acquiesced to the past incidents described by Tolentino-Pena or would be involved in or acquiesce to any prospective future harm. While Tolentino-Pena generally alleges that many in the El Salvadoran police forces are accomplices to El Salvadoran gangs, he failed to present any evidence that this is true with respect to Tolentino-Pena or the specific gangs involved. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) ("[T]o qualify for CAT relief, Petitioner had to demonstrate that he, *in particular*, would more likely than not face torture with government consent or acquiescence."). Thus, substantial evidence supports the BIA's affirmance of the IJ's denial of CAT relief.

**PETITION DENIED.**

3